IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIM SCHEMMER, et al., | ) | Case No. 1:05CV923 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Judge Ann Aldrich |
| vs. | ) | |
| | ) | |
| | ) | |
| CHARTONE, INC., | ) | |
| | ) | |
| Defendant. | ) | O R D E R |

This is a putative class action civil suit, originally filed in the Erie County Court of Common Pleas. Plaintiffs currently include four individuals, Kim Schemmer, James and Mary Mantel, and Toby Schwab, of Sandusky and Elmore, Ohio (collectively, "Schemmer"). Plaintiffs' counsel has also indicated an intention to file for class certification. The defendant is ChartONE, Inc. ("ChartONE"), a Delaware corporation with its principal place of business in California, and a "leading electronic patient chart management company."  In her complaint, Schemmer alleges that she was overcharged by ChartONE for the fulfillment of her medical records requests. She asserts that ChartONE was aware that it overcharged her, and that it made false representations concerning its fees. The plaintiffs seek relief as a class under Ohio Civil Rule 23.

On December 19, 2005, ChartONE removed the action to this court (*See* Docket No. 1), citing diversity jurisdiction under 28 U.S.C. § 1332(d).  Now before the court is a motion to remand (Docket No. 5), in which Schemmer claims that ChartONE has not established that the amount-in-controversy requirement will be satisfied for diversity jurisdiction. Schemmer argues that, under 28 U.S.C. § 1332, the case must be remanded to state court unless each individual plaintiff brings a

claim for damages of $75,000 or more. None of the individual claims enumerated by Schemmer's complaint approaches this amount.

The court finds that removal was proper in this case. While the general rule has been that "separate and distinct claims [may] not be aggregated to meet the required jurisdictional amount," *Snyder v. Harris*, 394 U.S. 332, 336 (1969), citing *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939)(applying rule to class actions), recent legislation appears to have expanded the court's jurisdiction. The Class Action Fairness Act of 2005 ("CAFA"), now codified at 28 U.S.C. § 1332 (d)(2), "confers federal diversity jurisdiction over [certain] class actions where the aggregate amount in controversy exceeds $5 million. It abrogates the [prior] rule against aggregating claims," *Exxon Mobil Corp. v. Allapattah Servs.*, 125 S. Ct. 2611, 2627-2628 (2005), and applies to cases, such as this one, filed subsequent to its enactment.

Because Schemmer does not dispute that the "matter in controversy" as now defined by 28 U.S.C. § 1332 (d)(2) will exceed $5,000,000 following class certification, the court credits ChartONE's argument and denies the motion to remand. The plaintiffs are ordered to file their motion for class certification by July 30, 2006.

IT IS SO ORDERED.

    /s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: February 1, 2006**