UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIM SCHEMMER, *et al.*, ) | Case No. 1:05-CV-02923-AA |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | JUDGE ANN ALDRICH |
| ) | |
| CHARTONE, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | <u>MEMORANDUM AND ORDER</u> |

Before this court is a motion for class certification by plaintiffs Kim Schemmer, et al. ("Schemmer"), individually and on behalf of similarly situated plaintiffs. Schemmer alleges that defendant ChartOne, Inc. ("ChartOne") overcharged for postage when fulfilling medical records requests. For the following reasons, the court grants class certification.

**I. Background**

ChartOne is a "leading electronic patient chart management company" that contracts with medical providers to fulfill requests for medical records and other documents. Each of the named plaintiffs requested copies of medical records from medical providers, which in turn contracted with ChartOne to provide copies of the records. Schemmer originally brought suit for claims arising since November 1, 1991, related to sales tax and postage, and included as plaintiffs attorneys who purchased records from ChartOne for clients. ChartOne requested judgment on the pleadings. The court dismissed all actions related to sales tax and removed attorney plaintiffs who obtained records through ChartOne for clients. The court did not dismiss claims for postage, but did limit the claims to those arising since March 22, 2001.

Beginning March 22, 2001, ChartOne had a statutory duty to provide medical records in accordance with Ohio Rev. Code Ann. § 3701.741, which states, in part, that the total cost of postage shall not exceed the actual costs incurred by the company. The plaintiffs claim that the postage charges for their medical records do not reflect the actual postage costs incurred, and that ChartOne overcharged for postage costs. The named plaintiffs bring suit on behalf of themselves and all persons similarly situated who purchased medical records from or through ChartOne in Ohio at any time during the period of March 22, 2001 to the present.

## II. Discussion

### A. Rule 23(a) Requirements for Certification.

The four threshold requirements for a class action recognized by Fed.R.Civ.P. 23(a) are numerosity, commonality, typicality, and adequacy of representation. The trial court has broad discretion in deciding whether to certify a class, but that discretion must be exercised within the framework of Rule 23. *In re Am. Med. Sys. Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) (citation omitted). All four of these requirements must be fulfilled for a class to be certified. The party seeking the class certification bears the burden of proof. *Id.* The court finds that Schemmer fulfills all four requirements for certification.

1. Numerosity

Rule 23(a)(1) states that members of a class may sue as representative parties on behalf of all members if the class is so numerous that joinder of all parties is impracticable. Fed.R.Civ. P. 23(a)(1). There is no strict numerical test for determining impracticability of joinder. *In re Am. Med. Sys. Inc.*, 75 F.3d at 1079 (citation omitted). The sheer number of potential litigants in a class, however, especially if it is more than several hundred, can be the only factor needed to satisfy Rule 23(a)(1).

*Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004) (citing 1 Herbert B. Newberg & Alba Conte, Newberg on Class Actions, § 3:5, at 243-45 (4th ed. 2002)).

ChartOne provides medical records to more than 360,000 customers in Ohio every year. Schemmer asserts that all 360,000 customers per year since 2001 are potential class members and easily fulfill the numerosity requirement. ChartOne, however, claim that this figure should not be used in determining numerosity because at least some of those potential class members cannot demonstrate that they were charged incorrect postage, and others can demonstrate no actual injury because they did not pay for their medical records.

These facts, however, do not defeat numerosity. While the class must be sufficiently defined so that potential class members can be identified, the class does not have to be so ascertainable that every potential member can be identified at the commencement of the action. *Bremiller v. Cleveland Psychiatric Inst.*, 898 F.Supp. 572, 576 (N.D. Ohio 1995) (citation omitted). While there is no indication as to how many of the 360,000 Ohio customers a year were allegedly overcharged for postage, numerosity is satisfied because ChartOne used a uniform formula to determine postage, making it likely that substantial number of people have been affected. *Id.* (citing *Orantes-Hernandez v. Smith*, 541 F.Supp. 351, 370 (C.D. Ca. 1982) ("Where the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied.")). Since the potential class size is so large, joinder would be impracticable, and thus numerosity is satisfied.

2. Commonality

Rule 23(a)(2) requires plaintiffs to demonstrate that there are questions of law or fact common to the class. Contrary to the defendant's assertions, questions of liability and damages do not require

individual determinations for each class member. While the amount each individual was allegedly overcharged may vary, the same mathematical formula was used to determine postage costs in each transaction, and thus can be applied uniformly to all 360,000 annual transactions to determine overcharges. Additionally, all class members received allegedly false and/or misleading invoice forms containing the same language. When questions of liability are common to all class members regardless of their level of damages, the commonality requirement can be satisfied. *Mayer v. Mylod*, 988 F.2d 635, 640 (6th Cir. 1993). The class, therefore, meets the requirements for commonality.

3. Typicality

Rule 23(a)(3) requires that the claims or defenses of the representative parties be typical of the claims or defenses of the class. A named plaintiff's claim is considered to be typical "if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Am. Med. Sys., Inc.*, 75 F.3d at 1082. The claims of the named plaintiffs arise from ChartOne's use of a mathematical formula for determining postage and an allegedly misleading invoice form, both of which were used uniformly in transactions with all class members. While the number of copies of medical records each class member received may differ, ChartOne's conduct in each of the transactions did not, so the claims of the representative parties are typical of the claims of the class.

4. Adequacy of Class Representatives

In order to be adequate class representatives under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class. The Sixth Circuit has identified two criteria for determining whether the representation of the class will be adequate: 1) the representatives must have common interests with unnamed members of the class, and 2) it must appear that the

representatives will vigorously prosecute the interests of the class through qualified counsel. *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976) (citations omitted). The class representatives in this case satisfy both of these requirements.

The first adequacy requirement is satisfied because the named and unnamed plaintiffs share an interest in seeking a remedy from ChartOne for overcharging in violation of Ohio Rev. Code Ann. § 3701.741. ChartOne challenges Schemmer's fulfillment of the second requirement that the class representatives will vigorously prosecute the interests of the class, because ChartOne did not feel that the named plaintiffs were knowledgeable about the case or their responsibilities as class representatives during deposition. The court finds, however, that the named plaintiffs are adequate class representatives. All named representatives have vigorously pursued the prosecution of this case by meeting with counsel and timely and fully answering interrogatories and requests for production of documents. Despite the claims of ChartOne, the representatives are certainly aware of the issue of postage in this case, having weighed their own medical records with counsel and compared the results to legally allowed postal rates. Schemmer is aware of its responsibility as class representatives to ensure that its own interests are not put before class interests.

While ChartOne cites to depositions in which class representatives are not familiar with the law governing their case as evidence of the representatives' inadequacy, the class representatives are not themselves responsible for citing the governing law, and have shown their interest in pursuing the case by retaining competent counsel. *See Jackshaw Pontiac, Inc. v. Cleveland Press Pub. Co.*, 102 F.R.D. 183, 192 (N.D. Ohio 1984) (stating that a class representative need not be familiar with all the legal issues in a case). The court finds that the class representatives satisfy the requirements of Rule 23(a)(4) and are adequate to represent the class.

Since Schemmer fulfills the requirements of numerosity, commonality, typicality, and adequacy of class representation, they may be granted class certification under Rule 23(a).

**B. Maintaining a Class Action Under Rule 23(b)**

Rule 23(b) provides for three kinds of class actions. Schemmer seeks certification primarily pursuant to the provisions of Rule 23(b)(2) and, in the alternative, argues that a class may be maintained under Rule 23(b)(1) or 23(b)(3). The court finds that Schemmer may maintain a class action pursuant to Rule 23(b)(2).

Rule 23(b)(2) requires that the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief to the class as a whole. This rule allows a class to be certified that primarily seeks to stop a particular practice of a defendant and for which damages are not dependant on subjective analysis. Rule 23(b)(2) does not extend to cases in which the appropriate relief relates exclusively or predominantly to money damages. *Reeb v. Ohio Dept. of Rehab. and Corr.*, 435 F.3d 639, 645-46 (6th Cir. 2006) (citing Fed.R.Civ.P. 23, Advisory Committee Notes 1966, Note on Subdivision (b)(2)). Monetary relief predominates in 23(b)(2) class actions unless it is incidental to the requested injunctive or declaratory relief. *Hoffman v. Honda of Am. Mfg., Inc.*, 191 F.R.D. 530, 533 (S.D. Ohio1999) Incidental damages flow directly from liability to the class as a whole on claims forming the basis of the injunctive or declaratory relief. *Id.* Such damages should be determinable by means of objective standards and not dependent in any significant way on the intangible, subjective differences of each class member's circumstances. *Id.*

The class fulfills the requirements for certification under 23(b)(2). ChartOne acted on grounds generally applicable to the class because it used the same calculation to determine all class members'

postage. Schemmer's request for monetary relief does not defeat certification under 23(b)(2) because the rule allows for declaratory or injunctive relief in conjunction with compensatory and punitive damages. *Reeb*, 435 F.3d at 651. Schemmer seeks injunctive relief enjoining ChartOne from future postage overcharges in violation of Ohio Rev. Code Ann. § 3701.741, and a declaratory judgment that the actions of ChartOne are illegal. If either form of relief is granted, the monetary damages would flow directly from ChartOne's liability to the class as a whole. Individual class members' circumstances would not need to be taken into account because a uniform mathematical formula can be used to determine damages for all members. The class meets the necessary requirements, and is therefore certified pursuant to Rule 23(b)(2).

## Conclusion

For the foregoing reasons, the court grants class certification pursuant to Fed.R.Civ.P. 23(b)(2).

IT IS SO ORDERED.

s/Ann Aldrich<br>ANN ALDRICH<br>UNITED STATES DISTRICT JUDGE

Dated: June 22, 2007