**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **KIM SCHEMMER, et al.,** ) | Case No. 1:05-CV-02923 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **JUDGE ANN ALDRICH** |
| ) | |
| **CHARTONE, INC.,** ) | |
| ) | |
| Defendant. ) | **MEMORANDUM AND ORDER** |

Plaintiffs Kim Schemmer, et al. "(Schemmer"), bring this motion seeking an order from this court certifying its opinion and order dated August 31, 2006, as a final order for interlocutory appeal pursuant to Fed. R. Civ P. 54(b). Schemmer also seeks to stay all proceedings in this court pending resolution of the appeal. For the following reasons, the court denies this motion.

## I. Background

Defendant ChartONE, Inc. ("ChartONE") is a "leading electronic patient chart management company" that contracts with medical providers to fulfill requests for medical records and other documents. Each of the named plaintiffs requested copies of medical records from medical providers, which in turn contracted with ChartONE to provide copies of the records. Schemmer originally brought suit for claims related to sales tax and postage, and included as plaintiffs attorneys who purchased records from ChartONE for clients. ChartONE requested judgment on the pleadings. (Doc. No. 27.) In an opinion and order dated August 31, 2006 ("August 31 Order"), the court found that any suit alleging the improper collection of sales tax may only be brought against the State of Ohio and must be brought in the Court of Claims. (Doc. No. 50.) The court dismissed Schemmer's claims insofar as they related to sales taxes, and removed the attorney plaintiffs. The court did not dismiss claims for postage.

The August 31 Order was not a final, appealable order. The remaining plaintiffs were later granted class certification by this court. Schemmer now seeks Rule 54(b) certification to proceed with an immediate interlocutory appeal from the August 31 Order.

## II. Discussion

Rule 54(b) of the Federal Rules of Civil Procedure states that a court "may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Without entry of final judgement, an order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). District courts are vested with discretion in deciding certification for immediate appeal under Rule 54(b). *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956). For the decision to be certified as a final order pursuant to Rule 54(b), Schemmer must demonstrate that the order disposes of an "individual claim" in an action, and that there is "no just reason for delay." *Gen. Acquisition, Inc. v. Gencorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). While Schemmer is able to demonstrate an "individual claim," the court finds just reason for delay because Schemmer does not present an infrequent harsh claim that warrants immediate appeal. *Rudd Constr. Equip. Co., Inc. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir. 1983).

### A. Individual Claim

To obtain certification under Rule 54(b), the decision sought to be appealed must dispose of an individual claim entered in the course of a multiple claims action. *Gen. Acquisition*, 23 F.3d at 1027 (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). The Sixth Circuit states that "[T]he concept of a 'claim' under Rule 54(b) denotes the aggregate of operative facts

which give rise to a right enforceable in the courts." *McIntyre v. First Nat. Bank of Cincinnati*, 585 F.2d 190, 192 (6th Cir. 1978) (internal quotations omitted). The court, however, is to examine whether the claims are related, and not simply whether they arose out of the same set of factual circumstances. *In re Cardinal Health Inc. Securities Litigation*, Slip Copy, C2-04-575, 2007 WL 1026347 (S.D. Ohio, March 29, 2007); *see, generally*, *Sears,* 351 U.S. at 437. The court finds that Schemmer satisfies the requirement of an individual claim.

Schemmer asserts that this is an individual claim because the claim arose from ChartONE charging a tax on non-taxable transactions, while the remaining causes of action are predicated on ChartONE charging excessive postage. ChartONE, however, argues that an "individual claim" does not exist for Rule 54(b) purposes because the tax and postage claims share a "common factual background." *Gen. Acquisition*, 23 F.3d at 1028. ChartONE alleges that both claims arise out of the same nucleus of operative fact because both are alleged improper charges to customers purchasing copies of their medical records, and both costs appear on the invoice in each transaction. ChartONE claims that the charges for tax and postage were inseparable parts of the alleged improper conduct, and that therefore Schemmer's claims concern a single 'aggregate of operative facts,' that constitute a single claim for the purposes of appellate jurisdiction. *Id.*

While claims for improper tax and postage charges may arise from the same transaction of purchasing medical records, the court finds that these are two distinct and separable claims. Unlike the facts in *General Acquisition,* in which the Sixth Circuit found that two theories of liability gave rise to a single claim, Schemmer alleges two separate and distinct types of wrongdoing, not alternate theories of recovery based on the same facts. Since Schemmer's claim that ChartONE improperly charged taxes is entirely separate and arises from different facts than the claim that

ChartONE overcharged for postage, the court finds that Schemmer satisfies the first requirement for certification under Rule 54(b).

**B. No Just Cause for Delay**

A finding that an issue being considered for Rule 54(b) certification is "separate and distinct" from remaining issues in a case is only the beginning of the district court's certification analysis. *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986) (citation omitted). To satisfy the second prong of the Rule 54(b) certification test, Schemmer must show that there is "no just reason" for delaying appellate review. The Sixth Circuit has set forth a list of factors for the district court to consider in making a Rule 54(b) ruling:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Id.*(citation omitted). As the court determined above, the adjudicated and unadjudicated claims in this case arise separately, satisfying the first factor. Since the claims are separate, the need for review will not be affected by future developments regarding the postage claims in the district court. Granting certification, however, would likely result in a lengthy delay while that issue is resolved before adjudicating the rest of the case. Waiting for all claims to be adjudicated and decisions finalized before making all appeals together would prevent piecemeal appeals and conserve judicial resources.

Although Schemmer does satisfy some factors that favor granting certification, the court finds that Schemmer does not present an "infrequent harsh case" that would justify granting Rule

-4-

54(b) certification. The Sixth Circuit has mandated that certification under Rule 54(b) be a rare and extraordinary event, available only in unique situations where the moving party illustrates that, but for the certification, he would suffer some extreme hardship. *Callahan v. Alexander*, 810 F.Supp. 884, 886 (E.D. Mich.1993) (citing *Rudd*, 711 F.3d at 56). Schemmer will not suffer hardship if the right to appeal were deferred pending resolution of the entire controversy on the merits.

Schemmer claims that this is an infrequent harsh case because of the potential need to send multiple class notices upon either reversal of this court's decision or determination by the Court of Claims. The court, however, does not find class notice to be an infrequent harsh circumstance meriting certification. Schemmer also asserts that it would be a hardship to wait months or years until all claims are adjudicated and decisions finalized before having the opportunity to receive compensation for the tax claim, which is the most substantial claim in the case. This argument does not suffice because Schemmer could immediately pursue the issue in the Court of Claims if they would like the opportunity to pursue damages sooner. Regardless, such damages and compensation are speculative, and waiting to appeal before obtaining damages does not make this an infrequent harsh case.

The court's power under Rule 54(b) is "largely discretionary, to be exercised in light of judicial administrative interests as well as the equities involved, and giving due weight to the historic federal policy against piecemeal appeals." *Local 67, Operative Plasterers and Cement Masons' Intern. Ass'n v. GEM Mgmt. Co., Inc.*, Slip Copy, 04-73020, 2007 WL 430828 *1 (E.D. Mich. Feb. 5, 2007) (quoting *Reiter v. Cooper*, 507 U.S. 258, 265 (1993) (quotations omitted)). Although Schemmer presents a separable claim and satisfies some factors for certification, the court finds that this is not an infrequent, harsh case, and does not merit certification in light of "the

historic federal policy against piecemeal appeals." Therefore, the court denies the motion for certification.

### III. Conclusion

For the foregoing reasons, the court denies certification pursuant to Fed. R. Civ. P. 54(b).

IT IS SO ORDERED.

                                                      *s/Ann Aldrich*
                                                      ANN ALDRICH
                                                      UNITED STATES DISTRICT JUDGE

Dated: August 15, 2007