**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KIM SCHEMMER, et al.,** | ) | Case No. 1:05CV2923 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **JUDGE ANN ALDRICH** |
| vs. | ) | |
| | ) | |
| **CHARTONE, INC.,** | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM AND ORDER** |

Before the court is a joint stipulation signed by the parties to dismiss the claims in this class action suit without prejudice and without notice to class members. (Doc. No. 88.) Court approval is necessary because this is a class action. For the reasons set forth below, the court approves the voluntary dismissal and finds that notice need not issue.

**I.     Background**

This class action arises from allegations that defendant ChartOne, Inc. ("ChartOne") overcharged plaintiffs when providing copies of medical records. Although the complaint contained a variety of claims, the issues were greatly narrowed at the pleading stage. The court subsequently granted class certification on the remaining claims pursuant to FRCP 23(b)(2), but did not direct notice to the class.

On March 5, 2008, the Sixth Circuit issued its decision in *Bergmoser v. Smart Document Solutions*, No. 07-3357, 2008 U.S. App. LEXIS 6581, at *1 (6th Cir. Mar. 5, 2008). The decision in *Bergmoser* beared heavily on the issues remaining in this litigation, prompting the parties to file the instant stipulation of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

**II.     Rule 23(e)**

Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[s]ubject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a

court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Of relevance here is Rule 23(e), which states that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). Where parties seek approval of a voluntary dismissal of a class action certified pursuant to Rule 23(b)(2), a district court must follow certain a procedure:

> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
>
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

Fed. R. Civ. P. 23(e)(1)-(3).[1] The purpose of Rule 23(e) is to "discourage the use of the class action device by the individual representative plaintiff to secure an unjust private settlement and to protect the absent class members against the prejudice of discontinuance." *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 761 (6th Cir. 2005) (quotation marks and citation omitted).

Accordingly, the court will examine the parties' stipulated voluntary dismissal in light of the above considerations.

**III.    Notice pursuant to Rule 23(e)(1)**

Rule 23(e)(1) requires a court to direct notice to all class members who would be bound by the parties' voluntary dismissal. However, it is within the court's discretion to forego notice if it is unlikely that the class members would be prejudiced by a lack of notice. *Doe*, 407 F.3d at 762. Of the various factors that a court may consider in making this determination, the amount of publicity that the lawsuit

---

[1] Rule 23(e) contains two additional procedural safeguards that are not triggered by these facts.

has garnered is significant. *Id*. at 763; *In re: Cardizem CD Antitrust Litigation*, Master File No. 99-md-1278, 2000 U.S. Dist. LEXIS 18840, at *22-23 (E.D. Mich. Sept. 20, 2000) (citing *Anderberg v. Masonite Corp.*, 176 F.R.D. 682, 690 (N.D. Ga. 1997)). In *Anderberg*, plaintiffs submitted an affidavit to the court indicating that they had performed an extensive search of news databases, finding no references to the case. *Anderberg*, 176 F.R.D. at 690. In addition, the court conducted its own independent search, but found no references to the litigation. *Id*. Accordingly, the court found no danger of prejudice to absent class members and did not require notice. *Id*.[2]

Here, the parties assert that since notice was not issued upon class certification, notice of dismissal is not required because the lack of notice would not prejudice absent class members. It thus follows that absent class members had no actual notice of the law suit. Further, plaintiffs' counsel submitted an affidavit attesting that her search of several electronic databases revealed only three minor references to the case, all of which were posted before the court certified the class. She further attested that one judicial opinion and one of the briefs submitted in *Bergmoser* cited this case. However, the judicial opinion's citation of this lawsuit dealt with certification for interlocutory appeal; it did not mention that the case was a class action. Nor did the Sixth Circuit's opinion in *Bergmoser* mention this lawsuit. In addition, the court has conducted its own independent search, finding no other references to the litigation. In light of the lack of class certification notice and the lack of publicity, dismissing the suit without notice would not prejudice absent class members.

---

[2] Although *Anderberg* dealt with plaintiffs' motion to amend their complaint to delete nationwide class allegations prior to class certification, the reasoning is equally applicable here where no notice issued after class certification.

**IV.	Other considerations pursuant to Rule 23(e)**

Rule 23(e)(2) authorizes the court to hold a hearing if the stipulated dismissal would bind class members. Here, the parties have stipulated that the dismissal is without prejudice, meaning that any class member would be free to bring a subsequent action. In addition, ChartOne has agreed to extend the statute of limitations until three months after the final adjudication of *Bergmoser* to allow Schemmer, or any other plaintiffs, to re-file their claims. Accordingly, the parties' voluntary dismissal would not bind class members, making a hearing unnecessary.

Rule 23(e)(3) requires the parties to file a statement identifying any agreement made in connection with their voluntary dismissal. Here, the parties have not indicated that any agreement has been made in connection with the stipulated dismissal. Rather, the entirety of their agreement is contained in the stipulation.

Accordingly, the remainder of the applicable procedures of Rule 23(e) have been satisfied.

**V.	Conclusion**

For the foregoing reasons, the court approves the parties' stipulated voluntary dismissal of Schemmer's claims, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), but does not direct notice to class members pursuant to Fed. R. Civ. P. 23(e).

IT IS SO ORDERED.

   /s/*Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: April 29, 2008**